IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 12-cv-00592-BNB

DONALD ADAM PENROD,

    Plaintiff,

v.

JOHN SUTHERS, Attorney General,
CLEMMIE PARKER ENGLE, Assis. Attorney General,
DON QUICK, Adams County District Attorney, and
SUSAN JONES, Warden CSP,

    Defendants.

ORDER OF DISMISSAL

    Plaintiff, Donald Adam Penrod, is a prisoner in the custody of the Colorado Department of Corrections (DOC) who currently is incarcerated at the Colorado State Penitentiary in Cañon City, Colorado.  Mr. Penrod has filed *pro se* a civil rights complaint pursuant to 42 U.S.C. § 1983 and other authority.

    In the complaint, Mr. Penrod asks for declaratory and injunctive relief, including an injunction ordering Defendants to reveal "'Frauds on the Court' in People v. Penrod Case No. 90CR1333" because if the "federal habeas court in Penrod v. Hargett Civil Action No. 01-MK-1364 (MJW)" had known his convictions had been procured by unconstitutional frauds it would not have "mistakenly and fraudulently time-barred [his] claims."  ECF No. 1 at 15.  As a result, he appears to be challenging the validity of his 1991 convictions in Adams County, Colorado, district court case number 90CR1333 on charges of aggravated robbery of a controlled substance, second-degree kidnaping,

and aggravated robbery.

Mr. Penrod also challenged his 1991 state convictions in habeas corpus actions initiated pursuant to 28 U.S.C. § 2254. *See Penrod v. Hargett*, No. 01-cv-01364-MSK-MJW (D. Colo. Feb. 25, 2003), *certificate of appealability denied*, No. 03-1119 (10th Cir. Dec. 24, 2003), and *Penrod v. Jones*, No. 11-cv-02223-BNB (D. Colo. Feb. 9, 2012). In No. 11-cv-02223-BNB, the United States Court of Appeals denied him authorization to file a second or successive application. *See In re Penrod*, No. 12-1024 (10th Cir. Feb. 23, 2012). "[T]he court is permitted to take judicial notice of its own files and records, as well as facts which are a matter of public record." *Van Woudenberg ex rel. Foor v. Gibson*, 211 F.3d 560, 568 (10th Cir.2000), *abrogated on other grounds by McGregor v. Gibson*, 248 F.3d 946, 955 (10th Cir. 2001).

Mr. Penrod has been granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. Subsection (e)(2)(B) of § 1915 requires a court to dismiss *sua sponte* an action at any time if the action is frivolous, malicious, or seeks monetary relief against a defendant who is immune from such relief. A legally frivolous claim is one in which the plaintiff asserts the violation of a legal interest that clearly does not exist or asserts facts that do not support an arguable claim. *Neitzke v. Williams*, 490 U.S. 319, 324 (1989). Under § 1983, a plaintiff must allege that the defendants have violated his or her rights under the Constitution and laws of the United States while they acted under color of state law. *Adickes v. S. H. Kress & Co*, 398 U.S. 144, 150 (1970).

Mr. Penrod is cautioned that his ability to file a civil action or appeal in federal court *in forma pauperis* pursuant to § 1915 may be barred if he has three or more actions or appeals in any federal court that were dismissed as frivolous, malicious, or for

failure to state a claim upon which relief may be granted. *See* 28 U.S.C. § 1915(g). Under § 1915(g), the Court may count dismissals entered prior to the enactment of this statute. *Green v. Nottingham*, 90 F.3d 415, 420 (10th Cir. 1996).

The Court must construe Mr. Penrod's filings liberally because he is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). If the complaint reasonably can be read "to state a valid claim on which the plaintiff could prevail, [the Court] should do so despite the plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements." *Hall*, 935 F.2d at 1110. However, the Court should not be an advocate for a *pro se* litigant. *See id.* For the reasons set forth below, the complaint and the action will be dismissed.

As previously stated, Mr. Penrod was convicted in Colorado in 1991 of aggravated robbery of a controlled substance, second-degree kidnapping, and aggravated robbery. He was sentenced to a total of thirty years in prison. His conviction and sentence were affirmed on direct appeal and in state post-conviction proceedings. In the instant action, he is suing individuals involved in his state criminal proceedings, his DOC warden, and the state attorney general. He postures his claims as a plea for the Court to force Defendants to reveal unconstitutional frauds both in his state criminal case proceedings and in a prior habeas corpus action denied in this Court as time-barred. *See* No. 01-cv-01364-MSK-MJW (D. Colo. Feb. 25, 2003), *certificate of appealability denied*, No. 03-1119 (10th Cir. Dec. 24, 2003).

Mr. Penrod argues that *Heck v. Humphrey*, 512 U.S. 477 (1994), is inapplicable

3

to the instant action. However, Mr. Penrod's § 1983 and other claims will be dismissed as barred by the rule in *Heck*. Pursuant to *Heck*, if a judgment for damages necessarily would imply the invalidity of a criminal conviction or sentence, the action does not arise until the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by an authorized state tribunal, or called into question by the issuance of a federal habeas writ. *See id.* at 486-87.

Although Mr. Penrod does not seek damages, *Heck* applies "when the concerns underlying *Heck* exist," which include "those claims that would necessarily imply the invalidity of [the] conviction." *See Lawson v. Engleman*, 67 Fed. App'x 524, 526 n.2 (10th Cir. 2003) (unpublished) (citing *Beck v. City of Muskogee Police Depot*, 195 F.3d 553, 557 (10th Cir. 1999)). "[A] state prisoner's § 1983 action is barred (absent prior invalidation) – no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings) – *if* success in that action would necessarily demonstrate the invalidity of confinement or its duration") (emphasis in original). *Wilkinson v. Dotson*, 544 U.S. 74, 81-82 (2005).

Because of the nature of Mr. Penrod's allegations, his request for declaratory and injunctive relief necessarily implies the invalidity of his conviction or sentence. *Lawson*, 67 Fed. Appx. at 526 n.2 (citing *Kutzner v. Montgomery Cnty.*, 303 F.3d 339, 341 (5th Cir. 2002) (noting that claims seeking to attack the fact or duration of confinement "must be brought as habeas corpus petitions and not under § 1983"). Success on Mr. Penrod's claims would necessarily spell speedier release or demonstrate the invalidity of his confinement or its duration. Therefore, his claims for declaratory and injunctive

relief cannot be pursued under § 1983. Rather, they must be pursued as habeas corpus claims pursuant to 28 U.S.C. § 2254, *see Preiser v. Rodriguez*, 411 U.S. 475, 504 (1973), after exhaustion of state remedies, *see* § 2254(b)(1)(A); *Preiser*, 411 U.S. at 499 n.14. Mr. Penrod already has initiated habeas corpus actions in this Court. The instant action will be dismissed pursuant to *Heck*. A *Heck* dismissal counts as a strike under § 1915(g). *See Hafed v. Federal Bureau of Prisons*, 635 F.3d 1172, 1177-78 (10th Cir. 2011).

Finally, the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status will be denied for the purpose of appeal. *See Coppedge v. United States*, 369 U.S. 438 (1962). If Mr. Penrod files a notice of appeal he also must pay the full $455.00 appellate filing fee or file a motion to proceed *in forma pauperis* in the United States Court of Appeals for the Tenth Circuit within thirty days in accordance with Fed. R. App. P. 24.

Accordingly, it is

ORDERED that the amended complaint and the action are dismissed without prejudice as barred by the rule in *Heck v. Humphrey*, 512 U.S. 477 (1994). It is

FURTHER ORDERED that any pending motions are denied as moot. It is

FURTHER ORDERED that leave to proceed *in forma pauperis* on appeal is denied.

DATED at Denver, Colorado, this  22nd  day of      March        , 2012.

BY THE COURT:


   s/Lewis T. Babcock
LEWIS T. BABCOCK, Senior Judge
United States District Court